UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAWRENCE HOUSTON HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1076 (UNA) |
| | ) | |
| MONTEZ STERLING COBB, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint.[1] Generally, plaintiff alleges that the Administrative Law Judge ("ALJ") of the Equal Employment Opportunity Commission ("EEOC") to whom his case was assigned deprived him of constitutionally-protected rights by, for example, delaying the resolution of his employment discrimination claim and failing to rule on his motions for sanctions against opposing counsel. *See generally* Compl. (ECF No. 1-2) ¶¶ 9-24.

All of plaintiff's claims against the ALJ would have arisen in the course of administrative proceedings on plaintiff's employment discrimination claim, and defendant is protected by absolute immunity. *See Butz v. Economou,* 438 U.S. 478, 512-13 (1978) (extending judicial immunity to ALJs); *Thomas v. Bernhardt*, No. 1:19-CV-0157, 2020 WL 5504236, at *6 (W.D. Ky. Sept. 11, 2020) (concluding that, because federal administrative judges are entitled to absolute judicial immunity, claims against EEOC ALJ must be dismissed for failure to state a

---

[1] Ordinarily, a plaintiff either must provide a residence address or file a motion for leave to use a Post Office Box as his mailing address. *See* LCvR 5.1(c)(1). The Court waives this requirement based on plaintiff's representations that he resides in "an unincorporated rural area" in Comal County, Texas, and maintains a Post Office Box as his official mailing address. *Compl.* ¶ 5.

claim upon which relief may be granted); *Bozgoz v. James*, No. 1:19-CV-0239, 2020 WL 4732085, at *16 (D.D.C. Aug. 14, 2020) (granting EEOC ALJ's motion to dismiss because she enjoyed absolute immunity from plaintiff's claims arising from actions taken in her official capacity).

Insofar as plaintiff brings a claim against the EEOC and its unidentified employees, the claim fails. "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir.) (per curiam), *cert. denied*, 522 U.S. 958 (1997); *McCottrell v. Equal Employment Opportunity Comm'n*, 726 F.2d 350, 351 (7th Cir. 1984) ("It is settled law, in this and other circuits, that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge."); *Brown v. Berrein*, 923 F. Supp. 2d 43, 43 (D.D.C. 2013) (dismissing complaint against EEOC for having dismissed plaintiff's charge of discrimination as untimely without taking disability into account).

The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss the complaint for its failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). An order is issued separately.

DATE: May 6, 2022

_____
TREVOR N. McFADDEN
United States District Judge